ACCEPTED
15-24-00095-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/31/2025 6:12 AM
CHRISTOPHER A. PRINE
CLERK

**Court of Appeals Number: 15-24-00095-CV**

**Trial Court Case Number: D-1-GN-24-002025**

RECEIVED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
1/31/2025 6:12:05 AM
CHRISTOPHER A. PRINE
Clerk

| | |
|---|---|
| Edward Rudolph Turnbull, IV<br>v.<br>Commission for Lawyer Discipline, Daniela Grosz, Daniel Martinez, Seana Willing, John S. Brannon, Amanda Kates, Jenny Hodgkins, and the Board of Directors of the State Bar of Texas, Cindy V. Tisdale, Steve Benesh, Laura Gibson, Kennon Lily Wooten, et al. | IN THE COURT OF APPEALS<br><br>FIFTEENTH DISTRICT<br><br>AT AUSTIN, TEXAS |

**THIRD AMICI CURIAE BRIEF BY ADRIANO KRUEL BUDRI, CITIZEN, AND IN SUPPORT OF APPELLANT EDWARD RUDOLPH TURNBULL, IV OF SEEKING ACCOUNTABILITY OF THE INCUMBENT CHIEF DISCIPLINARY COUNSEL SEANA BECKERMAN WILLIAM OF THE STATE BAR OF TEXAS IN HER INDIVIDUAL AND OFFICIAL CAPACITY FOR ULTRA VIRES ACTS PERPETRATED IN ONE GRIEVANCE COMPLAINT ASSIGNED AND DISMISSED FOR NO *"JUST CAUSE"* AND WITHOUT TO PROVIDE A FULL EXPLANATION TO COMPLAINANT AS REQUIRED BY THE STATUTE "STATE BAR ACT" AND THE TEXAS GOVERNMENT CODE PROVISIONS**

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................. iii

INTEREST OF AMICUS CURIAE............................................... 4

AMICUS CURIAE CITIZEN'S STATEMENT…………………………… 5

SUMMARY OF ARGUMENT…………………………………..……… 5

ARGUMENT…………………………………………………………. 6

**I.** Appellant seeks impartial and with integrity investigation and disclosures of a disturbing pattern of Chief Disciplinary Counsel's misconduct, implicating flagrant violation of the state statute "State Bar Act" and codified by the Texas Government Code for authorized practice of law in Texas, but have not questioned the eligibility of the Chief Disciplinary Counsel as State Judicial Official as State Administrative Agency Prosecutor in the Judicial Branch Entity of the State Government of the State of Texas as eligible office holder and holding a statewide public office as part of the statewide administrative agency of the judicial branch entity of the State Government of the State of Texas as one State Government Employee as unclassified employee and appointed as ex-officio official by the Board of Officer and Directors of the State Bar of Texas as Government Unit in the judicial branch of the state government of the State of Texas…………………………………. 6

CONCLUSION……………………………………………………… 9

CERTIFICATE OF SERVICE……………………………………….. 10

# TABLE OF AUTHORITIES

**Texas Rules Appellate Procedure (TRAP)**

Texas Constitution, Article XVI, Section 1……………………………… *passim*

Texas Government Code, Chapter 603 and amended by adding Section 602.007…………………………………………………………………… 6

**State Law**

State Law SB 1329 for Oaths of Office and Requirements for Oaths of Office and Anti-Bribery Statements, Article 4 for Judicial Oaths, Section 4.01………………………………………………………………… *passim*

# INTEREST OF AMICUS CURIAE

This brief is about those obstacles, and why the Appellant is seeking relief in this civil appellate case and that is particularly crucial for the execution of the accountability of the state government employees allotted in state government agencies and having paraphernalia of immunities and to assure unaccountability from Ultra Vires acts committed in secretive administrative quasi judicial proceedings and from unclear legible office holders as Judicial Officials of the State Bar of Texas and that is one Statewide Public Corporation and one Statewide Administrative Agency in the Judicial Branch Entity of the State Government of the State of Texas.

Amicus respectfully brings to the Court's attention about the ramifications and implications of the pattern or defiance practice adopted by the Chief Disciplinary Counsel ("CDC") in her individual and official capacity and under an unethical internal policy labeled by the CDC as "*weeded out*" policy and for approximately 90% of the summary dismissals executed and from grievance forms submitted by Complainants with the Office of the Chief Disciplinary Counsel of the State Bar of Texas at Austin's Headquarters Office and also being dismissed as no "just cause" from Summary Disposition Panels ("SDPs") from grievance committee districts of the State Bar of Texas and executing the functionality as

Judicial Officials in one Committee that is part integrant of the administrative structure of the State Bar of Texas as part of the Judicial Branch Entity of the State Government of the State of Texas.

# AMICUS CURIAE CITIZEN'S STATEMENT

In compliance with the Texas Rules Appellate Procedure (TRAP) Rule 11 (c); Amicus Curiae Citizen states that he did not receive any fee paid or to be paid for preparing the amicus curiae brief and submitted on 01/20/2025, Monday via electronic filing EFILETX system in the case number assigned: 15-24-00095-CV and filed at the Court of Appeals 15th District of Texas at Austin.

# SUMMARY OF ARGUMENT

In light of the fact that the Texas Judicial Council Legislative in the 85th R. S. dated on 06/30/2017 with the State Law SB 1329 for Oaths of Office and requirements for Oaths of Office and Anti-Bribery Statements have extended for all State Officials appointed by the Supreme Court of Texas, Court of Criminal Appeals and State Bar of Texas, as well as, for Associate Judges appointed for the Children's Courts be filed with the Texas Secretary of State and including for all Board Members appointed by the Supreme Court of Texas (BODA's Members), State Judicial Agencies as example JBCC's Commission Members, State Administrative Agencies as example the State Bar of Texas and from the Judicial Officials and for Judicial Oaths and requiring the Oath of Office and the signed

Statement required by the Texas Constitution, Article XVI, Section 1 of certain individuals to be filed with the Texas Secretary of State; the State Law Number 1329 has prescribed in the Article 4 for Judicial Oaths, Section 4.01, Chapter 603, Texas Government Code and amended by adding Section 602.007 to read as follows: Section 602.007 for filing of Oath made by certain Judicial Officers and Judicial Appointees that the Oath made and signed statement executed as required by Section 1, Article XVI, Texas Constitution by any of the following Judicial Officers and Judicial Appointees shall be filed with the Texas Secretary of State: (1) An Officer appointed by the Supreme Court of Texas, the Court of Criminal Appeals or by the State Bar of Texas; and (2) An Associate Judge appointed under Subchapter B or C, Chapter 201, Family Code and having been enacted and signed by the Texas Governor on 06/15/2017.

# ARGUMENT

**I. Appellant seeks impartial and with integrity investigation and disclosures of a disturbing pattern of Chief Disciplinary Counsel's misconduct, implicating flagrant violation of the state statute "State Bar Act" and codified by the Texas Government Code for authorized practice of law in Texas, but have not questioned the eligibility of the Chief Disciplinary Counsel as State Judicial Official as State Administrative Agency Prosecutor in the Judicial Branch Entity of the State Government of the State of Texas as eligible office holder and holding a statewide public office as part of the statewide administrative agency of the judicial branch entity of the State Government of the State of Texas as one State Government Employee as**

**unclassified employee and appointed as ex-officio official by the Board of Officer and Directors of the State Bar of Texas as Government Unit in the judicial branch of the state government of the State of Texas.**

The Court could interpret what means in fact the <u>title job as Chief Disciplinary Counsel ("CDC")</u> and holding <u>a Statewide Public Office in the Administrative Structure of the State Bar of Texas</u> and that is one <u>State Administrative Agency as part of the Judicial Branch Entity of the State Government of the State of Texas</u> and having as basic functionality to be one <u>Statewide Administrative Agency's Prosecutor</u> and hired by the <u>Statewide Administrative Agency as one appointed ex-officio official as unclassified employee</u> and also being one <u>no-voting member of the Board of Officers and Directors of the State Bar of Texas as one Government Unit as part of the Judicial Branch Entity of the State Government of the State of Texas</u> and having the role to determine all grievance forms submitted by Citizens in the State of Texas with the <u>Statewide Public Office of the Office of the Chief Disciplinary Counsel of the State Bar of Texas as Statewide Public Corporation and Statewide Administrative Agency in the Judicial Branch Entity of the State Government of the State of Texas.</u>

In other words, what is the real legal status of the Chief Disciplinary Counsel ("CDC") under the Texas Constitution, Article XVI, Section 1 as Office Holder and also from the Texas Government Code and the Texas Administrative

Code as one **State Level Official** and allotted in one Statewide Public Corporation and Statewide Administrative Agency in the Judicial Branch Entity of the State Government of the State of Texas as appointed ex-officio official unclassified employee?

According to the Public Affairs Counsel and Public Information Officer ("PIO") Claire Reynolds and from the Office of the Chief Disciplinary Counsel of the State Bar of Texas, Seana Beckerman William, as incumbent appointed Chief Disciplinary Counsel ("CDC") and hired in January 2019 with nomination and appointment submitted by the Commission for Lawyer Discipline ("CFLD") and consented by the Board of Officers and Directors of the State Bar of Texas, she does not need to submit one Statement Officer (Anti-Bribery Statement Form signed) and subsequently one Sworn Oath of Office Affidavit Form signed, notarized publicly and administered by one valid authority and from one Official Swearing Oath Ceremony as new Chief Disciplinary Counsel ("CDC") and much less to file before the Texas Secretary of State as one legitimate Office Holder as State Judicial Official and from one Statewide Public Office of the State Bar of Texas as part of the Judicial Branch Entity of the State Government of the State of Texas as Statewide Administrative Agency and under the supervision of the Sunset Advisory Commission of the Texas Legislative Body of the State Government in the State of Texas.

Such legal status of the Chief Disciplinary Counsel ("CDC") should be clarified and from this Court.

# CONCLUSION

The Court should reverse and hold that Appellant is entitled to one impartial and integrity investigation and disclosure obligations that he seeks in one impartial and integrity investigation with transparency and that it is consistent in one democratic society and that it defends the liberty and the civil rights of the Citizens and make accountable unelected apparatchiks allotted in State Government Agencies and having still one unclear status as eligible Office Holder and from one Statewide Public Office as State Level Official Office Holder.

Dated: January 31, 2025

Respectfully submitted,


*/s/Adriano Kruel Budri*
Adriano Kruel Budri
Amici Curiae Citizen
Email address: abudri64@gmail.com

# CERTIFICATE OF SERVICE

I certify that I served all parties to this appeal through the Court's electronic filing system, including Appellant's and Appellee's counsel on the 31th day of January 2025.


*/s/Adriano Kruel Budri*
Adriano Kruel Budri
Amici Curiae Citizen
Email address: abudri64@gmail.com

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 96823273
Filing Code Description: Other Brief
Filing Description: THIRD AMICI CURIAE BRIEF
Status as of 1/31/2025 7:02 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Pat Mizell | | pmizell@velaw.com | 1/31/2025 6:12:05 AM | SENT |
| Billy SHart | | billy.hart@westwebblaw.com | 1/31/2025 6:12:05 AM | SENT |
| Jay Rudinger | | jay.rudinger@westwebblaw.com | 1/31/2025 6:12:05 AM | SENT |
| Jadd Masso | 24041411 | jmasso@clarkhill.com | 1/31/2025 6:12:05 AM | SENT |
| Royce Lemoine | 24026421 | royce.lemoine@texasbar.com | 1/31/2025 6:12:05 AM | SENT |
| Richard Huntpalmer | 24097857 | Richard.Huntpalmer@texasbar.com | 1/31/2025 6:12:05 AM | SENT |
| Gaines West | 21197500 | gaines.west@westwebb.law | 1/31/2025 6:12:05 AM | SENT |
| John Rudinger | 24067852 | jay.rudinger@westwebblaw.com | 1/31/2025 6:12:05 AM | SENT |
| Judd Stone | 24076720 | Judd@stonehilton.com | 1/31/2025 6:12:05 AM | SENT |
| Daniel Olds | 24088152 | dolds@clarkhill.com | 1/31/2025 6:12:05 AM | SENT |
| Brooke Noble | | bnoble@velaw.com | 1/31/2025 6:12:05 AM | SENT |
| Michael Graham | 24113581 | Michael.Graham@TEXASBAR.COM | 1/31/2025 6:12:05 AM | SENT |
| Emily Bamesberger | | ebamesberger@velaw.com | 1/31/2025 6:12:05 AM | SENT |
| Justin B.Cox | | jbcox@clarkhill.com | 1/31/2025 6:12:05 AM | SENT |
| Gaines West | | gaines.west@westwebblaw.com | 1/31/2025 6:12:05 AM | SENT |